IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYCHAEL TYRONE SHANNON,

    Plaintiff,              No. CIV S-05-0668 GEB JFM P

    vs.

OFFICE OF CALIFORNIA
ATTORNEY GENERAL, et al.,       ORDER AND

    Defendants.            FINDINGS & RECOMMENDATIONS

                               /

         Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

         Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1

1  month's income credited to plaintiff's prison trust account.  These payments shall be collected
2  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
3  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4        The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17        A complaint, or portion thereof, should only be dismissed for failure to state a
18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
22  complaint under this standard, the court must accept as true the allegations of the complaint in
23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26  /////

This action arises from the denial of a state court petition for writ of habeas corpus brought by plaintiff in the Kings County Superior Court seeking single-cell housing. Plaintiff claims the loss of that state petition has caused him to suffer violations of his rights under the Eighth Amendment in connection with his housing status at California State Prison-Los Angeles County. The defendants named in this action are the Office of the California Attorney General and Deputy Attorney General Lisa Tillman.[1]

Plaintiff claims that defendant Tillman misled the state court in violation of certain rules of professional conduct by omitting to file certain mental health records with her response to the petition, and by informing the court that plaintiff had not filed an administrative grievance before filing the state habeas petition although documents filed by Ms. Tillman allegedly showed that plaintiff had filed such a grievance. (Complaint, filed April 6, 2005, at 4-2.) Plaintiff claims that as a result of the alleged fraud, he is now being subjected to cruel and unusual punishment in violation of the Eighth Amendment because he is being double-celled and housed with "newly-arriving inmates." (Id. at 4-3.) Plaintiff claims that the double-celling exacerbates his underlying mental illness. (Id.) He seeks monetary damages and declaratory and injunctive relief.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

---

[1] Deputy Attorney General Tillman works at the Sacramento office of the California Office of the Attorney General.

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In addition,

> The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings. 28 U.S.C. § 1257 provides that the proper court in which to obtain such review is the United States Supreme Court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983).

Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986).  This rule applies even where a challenge to state court proceedings raises federal constitutional questions if that challenge "require[s] review of a state court judgment in a particular case." Id. at 891.

Plaintiff's first claim, styled "Fraud," is not grounded in federal law and for that reason alone is not cognizable in this § 1983 action.  In addition, the claim would require review of the judgment entered against him in the Kings County Superior Court habeas corpus action. This court therefore lacks subject matter jurisdiction over that claim. See Worldwide Church of God v. McNair, at 890-91.

By his second claim for relief, plaintiff claims that Deputy Attorney General Tillman's alleged misconduct in the state habeas corpus proceedings contributed to violations of plaintiff's Eighth Amendment rights because, having lost the state habeas corpus action, he continues to be double-celled.  This claim, too, implicates the validity of the state court judgment and, for the reasons set forth supra, this court lacks subject matter jurisdiction to consider that claim.  Accordingly, that claim should be dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, this court lacks subject matter jurisdiction over the claims at bar.  Accordingly, this action should be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

1  The fee shall be collected and paid in accordance with this court's order to the Director of the
2  California Department of Corrections and Rehabilitation filed concurrently herewith.
3            IT IS HEREBY RECOMMENDED that this action be dismissed for failure to
4  state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A.
5            These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
7  days after being served with these findings and recommendations, plaintiff may file written
8  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
11 F.2d 1153 (9th Cir. 1991).
12 DATED:  February 27, 2007.

                                            _____
                                            UNITED STATES MAGISTRATE JUDGE

12
shan0668.56